

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

FILED
OCT 1 5 2019
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

1) Paul Tay,

**PLAINTIFF,**

-v-

1) Michael Hunter, in his official capacity as Attorney General of the State of Oklahoma, 2) Steve Kunzweiler, in his official capacity as the District Attorney of the County of Tulsa,

**DEFENDANTS,**

**Complaint and Request For Injunction**

Case No. _____

19 CV 543 JED - FHM

I. **The Parties to This Complaint**

A. **The Plaintiff**

| | |
|---|---|
| Name | Paul Tay |
| Street Address | PO Box 481204 |
| City and County | Tulsa, Tulsa |
| State and Zip Code | Oklahoma 74148 |
| Telephone Number | (918) 892-0063 |
| E-mail Address | tulsamayor2020@gmail.com |

B. **The Defendant(s)**

Defendant No. 1

| | |
|---|---|
| Name | Michael Hunter |
| Job or Title | Attorney General of the State of Oklahoma |
| Street Address | 313 N.E. 21st |
| City and County | Oklahoma City, Oklahoma |
| State and Zip Code | Oklahoma 73105 |
| Telephone Number | (405) 521-3921 |



|  |  |
|---|---|
| E-mail Address | questions@oag.ok.gov |

Defendant No. 2

|  |  |
|---|---|
| Name | Steve Kunzweiler |
| Job or Title | District Attorney of the County of Tulsa, Oklahoma |
| Street Address | 500 Civic Center, Ste. 900 |
| City and County | Tulsa, Tulsa |
| State and Zip Code | Oklahoma 74103 |
| Telephone Number | (918) 596-4805 |
| E-mail Address | Unknown |

## COMPLIANT

COMES NOW Plaintiff Paul Tay and, for his causes of action against Defendants Michael Hunter, in his official capacity as Attorney General of the State of Oklahoma, and Steve Kunzweiler, in his official capacity as the District Attorney of the County of Tulsa, Oklahoma, alleges and states as follows:

### The Parties

1. Plaintiff Paul Tay is and at all relevant times has been a resident of the Northern District of Oklahoma.

2. Defendant Michael Hunter is and at all relevant times has been a resident of Oklahoma. Defendant Hunter is currently employed as the Attorney General of the State of Oklahoma, duly elected by the registered voters of Oklahoma, to be the top enforcer of Oklahoma State Statutes.

3. Defendant Steve Kunzweiler is and at all relevant times has been a resident of the Northern District of Oklahoma. Defendant Kunzweiler is currently employed at the District Attorney of the County of Tulsa, duly elected by the registered voters of the County of Tulsa, Oklahoma, to enforce Oklahoma State Statutes at issue, 21 O.S.S. § 22, 1021.

4. The Court has subject matter jurisdiction over all of the Plaintiff's federal-law claims pursuant to 28 U.S.C. § 1331, as each of those claims arise under federal law, i.e. the United States Constitution and 42 U.S.C. § 1983.

5. The Court has personal jurisdiction over the Defendants because they are all citizens and residents of the State of Oklahoma.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because all or part of the Plaintiff causes of action arose within the Northern District of Oklahoma.

## FACTUAL ALLEGATIONS

7. Plaintiff, a private citizen, endeavors to organize and participate in the World Naked Bike Ride, scheduled to occur on 1 NOV 19, at Guthrie Green, 111 E M.B. Brady Street, in Tulsa, Oklahoma, at approximately 2130.

8. Since 2004, fully nude bicyclists participate in the World Naked Bike Ride (WNBR), which occurs annually during the month of June, in Portland, OR. In recent years, WNBR attracts almost 10,000 nude bicyclists, in full public view, rolling through the public streets, and rights-of-way, in the City of Portland, with the full blessings of local authorities, law enforcement, and the general public, who visit the City of Portland specifically for the event.

9. In NOV 2008, a Multnomah County, OR Judge Jerome LaBarre dismissed criminal indecent exposure charges against Defendant Michael "Bobby" Hammonds, declaring nude bicycling is "symbolic" free speech, protected under the 1st Amendment of the U.S. Constitution.

10. Hammond testified that he was expressing a message in support of bikes and against cars, foreign oil, the Iraq war and air pollution. Deputy District Attorney Ryan Lufkin argued that Hammond didn't carry any signs, pass out fliers or otherwise attempt to communicate his message to bystanders.

11. In Reed v. Town of Gilbert, 576 U.S. ___ (more) 35 S. Ct. 2218; 192 L. Ed. 2d 236; 2015 U.S. LEXIS 4061; 83 U.S.L.W. 4444; 25 Fla. L. Weekly Fed. S 383, the Supreme Court held that a municipal ordinance that placed stricter limitations on the size and placement of religious signs than other types of signs was an unconstitutional content-based restriction on free speech. In the plain English of National Public Radio commentator, Nina Totenberg, the government now has less control on how citizens chose to speak.

12. From People v. Hardy, 77 Misc.2d 1092 (1974), lewdness can not be presumed by the mere fact of public nudity.

13. Miller v California, 413 U.S. 15 (1973), established the three-prong standard for obscenity and lewdness. Obscene materials are defined as those that the average person, applying contemporary community standards, find, taken as a whole, appeal to the

prurient interest; that depict or describe, in a patently offensive way, sexual conduct or excretory functions specifically defined by applicable state law; and that the work, taken as a whole, lacks serious literary, artistic, political, or scientific value.

14. In City of Portland v Gatewood, 708 P.2d 615 (1985), 76 Or.App. 74, the Court, on reverse and remand, conceded that appearing nude or exposing one's genitals in public, can constitute symbolic conduct and be a form of protected expression of free speech, while ruling that on the goal of regulating conduct which the city council has determined to be injurious to health, safety and morals, *i.e.*, the prohibition of public nudity or indecent exposure not intended as a protected symbolic or communicative act.

15. United States v. O'Brien, 391 U.S. 367 (1968) established the O'Brien standard, to determine under which conditions government interests may trump the 1st Amendment.

*A government regulation is sufficiently justified if it is within the constitutional power of the Government; if it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression, and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest.*

16. In numerous cases Defendant Hunter cited in his official statement on the 10th Circuit ruling on public nudity, courts have consistently held government interests are superior to the 1st Amendment.

17. Defendant Hunter, acting in his official capacity as the Attorney General of Oklahoma, on 30 SEP 19, released the following statement on the 10th Circuit Court of Appeals on public nudity:

*The ruling from the court addressed a Fort Collins, Colo. city ordinance that prohibited women from going topless in public, after two women sued the city in 2016, arguing that the rule violated their equal protection rights.*

*The 10th Circuit has jurisdiction over federal cases from Utah, Colorado, Wyoming, New Mexico, Kansas and Oklahoma.*

*Attorney General Hunter advises that the ruling does not automatically invalidate local and state laws in Oklahoma.*

"*The Tenth Circuit's preliminary decision in the Fort Collins case – a case that has now ended without a full adjudication – does not change local and state laws in Oklahoma on the subject,*" *Attorney General Hunter said. "The majority of courts around the country that have examined this issue have upheld traditional public decency and public nudity laws. These courts have recognized*

*that states and political subdivisions have a legitimate interest in prohibiting public nudity as traditionally defined."*

*The 10th Circuit's ruling conflicts with a May ruling by the 8th U.S. Circuit Court of Appeals, which upheld an ordinance in Springfield, MO that bans women from exposing their breasts in public. Also, a 2017 ruling in the 7th U.S. Circuit Court of Appeals, which upheld a topless ban on women in Chicago.*

*In that ruling, the 7th Circuit relied on a U.S. Supreme Court case upholding laws prohibiting nude dancing stating that "public indecency statutes were designed to protect morals and public order" and local communities may express "societal disapproval of nudity in public places and among strangers."*

*The U.S. Supreme Court denied review of the 7th Circuit's decision upholding Chicago's public nudity laws.*

*Similar rulings upholding the constitutionality of public nudity laws have been issued by 2nd, 4th and 5th Circuits, as well as courts in New Hampshire, Tennessee, Massachusetts, Alabama, Arizona, Texas, Florida, New Mexico, Mississippi, Rhode Island, New Jersey and Minnesota.*

*The 10th Circuit's ruling made preliminary conclusions about the Fort Collins ordinance, but did not decide the law's ultimate constitutionality. Because the Fort Collins ordinance was repealed, the 10th Circuit's ruling likely cannot be appealed to the U.S. Supreme Court. In conclusion, the 10th Circuit's ruling is not binding on Oklahoma state courts.*

18. First applicable, relevant Oklahoma State Statute, at issue, 21 O.S.S. § 1021:

A. Every person who willfully and knowingly either:

1. Lewdly exposes his or her person or genitals in any public place, or in any place where there are present other persons to be offended or annoyed thereby; provided, however, for purposes of this section, a person alleged to have committed an act of public urination shall be prosecuted pursuant to Section 22 of this title unless such act was accompanied with another act that violates paragraphs 2 through 4 of this subsection and shall not be subject to registration under the Sex Offenders Registration Act;

2. Procures, counsels, or assists any person to expose such person, or to make any other exhibition of such person to public view or to the view of any number of persons, for the purpose of sexual stimulation of the viewer;

3. Writes, composes, stereotypes, prints, photographs, designs, copies, draws, engraves, paints, molds, cuts, or otherwise prepares, publishes, sells, distributes, keeps for sale, knowingly downloads on a computer, or exhibits any obscene material or child pornography; or

4. Makes, prepares, cuts, sells, gives, loans, distributes, keeps for sale, or exhibits any disc record, metal, plastic, or wax, wire or tape recording, or any type of obscene material or child pornography, shall be guilty, upon conviction, of a felony and shall be punished by the imposition of a fine of not less than Five Hundred Dollars ($500.00) nor more than Twenty Thousand Dollars ($20,000.00) or by imprisonment for not less than thirty (30) days nor more than ten (10) years, or by both such fine and imprisonment.

B. Every person who:

1. Willfully solicits or aids a minor child to perform; or

2. Shows, exhibits, loans, or distributes to a minor child any obscene material or child pornography for the purpose of inducing said minor to participate in, any act specified in paragraphs 1, 2, 3 or 4 of subsection A of this section shall be guilty of a felony, upon conviction, and shall be punished by imprisonment in the custody of the Department of Corrections for not less than ten (10) years nor more than thirty (30) years, except when the minor child is under twelve (12) years of age at the time the offense is committed, and in such case the person shall, upon conviction, be punished by imprisonment in the custody of the Department of Corrections for not less than twenty-five (25) years.

C. Persons convicted under this section shall not be eligible for a deferred sentence.

D. Except for persons sentenced to life or life without parole, any person sentenced to imprisonment for two (2) years or more for a violation of this section shall be required to serve a term of post-imprisonment supervision pursuant to subparagraph f of paragraph 1 of subsection A of Section 991a of Title 22 of the Oklahoma Statutes under conditions determined by the Department of Corrections. The jury shall be advised that the mandatory post-imprisonment supervision shall be in addition to the actual imprisonment.

E. For purposes of this section, "downloading on a computer" means electronically transferring an electronic file from one computer or electronic media to another computer or electronic media.

Second applicable state statute at issue, 21 O.S.S. § 22:

Every person who willfully and wrongfully commits any act which grossly injures the person or property of another, or which grossly disturbs the public peace or health, or which openly outrages public decency, including but not limited to urination in a public place, and is injurious to public morals, although no punishment is expressly prescribed therefor by this code, is guilty of a misdemeanor.

<u>The Amount in Controversy</u>

The amount in controversy shall be the amount as determined by the Court, $75,000 or over.

III. **Statement of Claim**

19. Modeled after a similar event in Portland, OR, the World Naked Bike Ride would not meet either the Miller or O'Brien standards for District Attorney Kunzweiler to prosecute 21 O.S.S. § 22, 1021.

IV. **Irreparable Injury**

20. Upon conviction for violation of 21 O.S.S. 1021, committing indecent exposure, the Plaintiff would suffer irreparable harm and injury to his life, liberty, and pursuit of happiness. The felony conviction would impose the penalties against the Plaintiff, as stated above in the cited statute, in addition to sex offender registration. Upon conviction of 21 O.S.S. § 22, the Plaintiff would suffer unjust punishment of up to $500 fine and/or one year in county jail.

V. **Relief**

21. Plaintiff hopes and prays the Court enjoins Defendants Hunter and Kunzweiler from prosecuting the Plaintiff for violating 21 O.S.S. 1021, finding that the Statute, if applied to World Naked Bike Ride, to be:

a. Overly broad, with no statutory definition of "lewd" exposure, in 21 O.S.S. § 1021 and vague in 21 O.S.S. § 22;

b. Violating 1st Amendment protected free speech rights to offend and annoy persons in public spaces, Texas v Johnson;

c. Confusing "lewd" exposure with symbolic free speech, People v Hardy;

d. Lacking the Miller test for obscenity, Miller v California;

e, Lacking the O'Brien test for legitimate government interests, United States v O'Brien;

f. Violating the 14th Amendment Equal Protection Clause. If Portland, OR allows 10,000 naked cyclists to participate in the annual World Naked Bike Ride, why should Tulsa and Oklahoma felonize participants of a similar event?

g. Overreaching, in violation of 42 U.S.C. § 1983, by Defendant Hunter, in contempt of court, namely the 10th Circuit, to intimidate citizens, as if they are his serfs, in issuing his

official statements, to squash protected free symbolic speech appearing as non-Miller tested public nudity.

22. Further, the Plaintiff hopes and prays the Court finds no O'Brien government interests in criminalizing public nudity, absent Miller standards for obscenity.

23. The Plaintiff requests this Court clarify Defendant Hunter's "public nudity as traditionally defined."

24. The Plaintiff hopes and prays the Court finds the Attorney General Opinion in error, constitutionally flawed, in overreach, overbroad, vague, and public nudity in general, and in the specific context of World Naked Bike Ride, is protected symbolic free speech, per Portland v. Hammond and Portland v. Gatewood, and in and of itself, public nudity can not be presumed to be "lewd" and "obscene," per People v. Hardy, and Miller, and absent government interest, per the standards set forth in O'Brien.

## VI.  Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.  **Plaintiff in Pro Se**

Date: 14 OCT 19

Signature _____*Paul Tay*_____

Paul Tay