# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL TAY,<br><br>        **Plaintiff,**<br>v.<br><br>MICHAEL HUNTER, in his official capacity as Attorney General of the State of Oklahoma, STEVE KUNZWEILER, in his official capacity as the District Attorney of the County of Tulsa,<br><br>        **Defendants.** | Case No. 19-cv-00543-JFH-FHM |

## OPINION AND ORDER

This matter comes before the Court under 28 U.S.C. § 1915 and Rule 12(h)(3) of the Federal Rules of Civil Procedure, on Plaintiff's Complaint and Request for Injunction [Dkt. No. 2] and Plaintiff's Motion for Leave to Proceed in Forma Pauperis [Dkt. No. 6].

## I.  PROCEDURAL BACKGROUND

On October 15, 2019, Plaintiff filed his Complaint and Request for Injunction.  Dkt. No. 2 .  In his Complaint, Plaintiff stated that he was endeavoring "to organize and participate in the World Naked Bike Ride, scheduled to occur on [November 1, 2019], at Guthrie Green, 111 M.B. Brady Street, in Tulsa Oklahoma" (the "Bike Ride").  *Id.* at 3.  Plaintiff sought to enjoin Defendants from prosecuting him for indecent exposure under Okla. Stat. tit. 21, §§ 1021.  *Id.* at 7-8.  On November 18, 2019, Plaintiff moved for leave to proceed in forma pauperis, asserting that he has been unemployed and without income since April 2016.  Dkt. No. 6 at 1-2.

## II.     ANALYSIS

### A.     Proceedings in Forma Pauperis

The statute for proceedings in forma pauperis, 28 U.S.C. § 1915(a), provides that a district court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees. "When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied." *Menefee v. Werholtz*, 368 Fed. App'x. 879, 884 (10th Cir. 2010) (unpublished). "[A]n application to proceed in forma pauperis should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed. App'x. 667, 669 (10th Cir. 2008) (unpublished) (emphasis omitted). "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute ... an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs ... and still be able to provide himself and dependents with the necessities of life." *Id*. at 339 (internal quotation marks omitted). "[I]f an application to proceed in forma pauperis is supported by papers satisfying the requirements of 28 U.S.C. § 1915(a) leave to proceed should be granted, and then, if the court discovers that the action is frivolous or improper or that the allegations of poverty are untrue, it can dismiss the proceeding under 28 U.S.C. § 1915(d)." *Oughton v. United States*, 310 F.2d 803, 804 (10th Cir. 1962) (citations omitted). Under § 1915(e)(2), the Court also has discretion to sua sponte dismiss an in forma pauperis complaint "at any time if the action ... is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." 28 U.S.C. § 1952(e)(2).

Based on the representations and information set forth in Plaintiff's Motion for Leave to Proceed in Forma Pauperis [Dkt. No. 6], the Court finds that the Motion should be granted. Plaintiff is permitted to proceed with this action without prepayment of fees and costs. 28 U.S.C. § 1915(a). Although § 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings in forma pauperis]", 28 U.S.C. § 1915(d), the Court will not order service here, because, for the reasons set forth below, the Court finds that this case should be dismissed without prejudice for lack of subject-matter jurisdiction.

### B. Lack of Subject Matter Jurisdiction

It is a fundamental precept of American law that the federal courts are "courts of limited jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Federal courts "possess only that power authorized by [the] Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Among the powers that Congress has bestowed upon the courts is the power to hear controversies arising under federal law — federal question jurisdiction — and controversies arising between citizens of different states — diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332.

Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Objection to a federal court's subject-matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). *See Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) ("A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance."); *Mansfield, Coldwater & Lake Mich. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884) (holding that the nature and

limits of federal judicial power require the court to raise the issue of subject-matter jurisdiction sua sponte). Whenever the court lacks jurisdiction of the subject matter involved in an action, the court must dismiss the action. *See Tuck v. United Services Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).

Having carefully reviewed the Complaint, the Court concludes that Plaintiff's Complaint, seeking injunctive relief relative to an event he purportedly planned for November 1, 2019, is moot, which deprives the Court of subject matter jurisdiction. The "[c]onstitutional mootness doctrine is grounded in the Article III requirement that federal courts may only decide actual ongoing cases or controversies." *Unified Sch. Dist. No. 259, Sedgwick Cty., Kan. v. Disability Rights Ctr. of Kansas*, 491 F.3d 1143, 1147 (10th Cir. 2007). "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) (citation omitted). "This requirement exists at all stages of federal judicial proceedings, and it is therefore not enough that the dispute was alive when the suit was filed; the parties must continue to have a personal stake in the outcome." *Id.* In the absence of a live case or controversy, an action is moot and beyond the subject-matter jurisdiction of a federal court. *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010).

"In deciding whether a case is moot, the crucial question is whether granting a present determination of the issues offered will have some effect in the real world. When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot." *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010) (citation and quotation marks omitted). In other words, the case is moot "when a plaintiff no longer suffers

actual injury that can be redressed by a favorable judicial decision." *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012) (internal quotation marks and citation omitted).

Here, Plaintiff's Complaint indicates that he sought to enjoin criminal prosecution he anticipated arising from his organization of and/or participation in the Bike Ride on November 1, 2019. Dkt. No. 1 at 3. There is no indication that Plaintiff actually organized or participated in the Bike Ride or anytime thereafter, or that he was subject to criminal prosecution for his involvement in any such event. Accordingly, there is no actual injury alleged in Plaintiff's Complaint that could be redressed by a favorable judicial decision. The Court finds that, absent a live controversy, the case is moot and should be dismissed for lack of subject matter jurisdiction. *See Rio Grande Silvery Minnow*, 601 F.3d at 1109.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Proceed in Forma Pauperis [Dkt. No. 6] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint and Request for Injunction [Dkt. No. 2] is **DISMISSED** without prejudice.

Dated this 3rd day of September 2020.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE